IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00217-REB-KLM

WILLIAM MONTGOMERY,

      Plaintiff,

v.

MATTHEW CHERNAK,
MIKE HOWARD, and
MATTHEW BROUGH,

      Defendants.

_____

## ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on Defendants' **Motion to Stay Proceedings and to Vacate Scheduling Conference** [#31][1] (the "Motion").  Plaintiff filed a Response [#34] in opposition to the Motion, and Defendants filed a Reply [#39].  Defendants ask the Court to stay discovery in this case until after the pending Motion to Dismiss [#17] is resolved.[2]  In addition, Defendants ask the Court to vacate the Scheduling Conference.[3]  All Defendants in this action are identified in their personal capacities only, and each asserts

---

[1] "[#31]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2] The Motion to Dismiss [#16], filed on May 9, 2018, is referred to the undersigned for recommendation [#19].

[3] The Motion was filed on June 26, 2018, and the Scheduling Conference was subsequently held July 19, 2018 [#36].

a qualified immunity defense to Plaintiff's three claims asserted under 42 U.S.C. § 1983 for the alleged violation of his rights under the First Amendment and Fourth Amendment. *See Am. Compl.* [#14]. Thus, if granted, the Motion to Dismiss would dispose of the claims asserted against each Defendant.

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the

defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Analyzing the five *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay.  Plaintiff blames Defendants for unnecessarily prolonging a related criminal action, thereby causing a delay in the filing of the present lawsuit. *Response* [#34] at 10.  Plaintiff argues that "[a]dditional delay could cause serious concerns regarding the efficacy of evidence that is permitted to grow or remain stale and/or which may go missing as more time passes and parties/witnesses move, quit jobs, pass on and memories, naturally, fade." *Id.*  The Court gives Plaintiff the benefit of the doubt with respect to his interest in proceeding expeditiously.  Based on the considerations he expresses, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden.  The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome*, 225 F.R.D. at 643 (citations

-3-

omitted).  Here, each claim made in this case is subject to the qualified immunity defense, because Defendants are government officials, Plaintiff only seeks damages, and the claims asserted against each Defendant is in his individual capacity only.  *Am. Compl.* [#14]. Although the Court agrees with Plaintiff that Defendants could have described with more particularity the burdens faced in proceeding with discovery, the Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery based on the above considerations and strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery.

With regard to the third factor, Plaintiff asserts that "[d]elay causes cases to linger on the court's docket lifelessly; inconveniencing the court and making the cases more difficult to manage." *Response* [#34] at 6 (citing *Martinez v. Carricato*, No. 16-cv-0098-WJM-KLM, 2016 WL 8608455, at *2 (D. Colo. April 8, 2016)).[4]  However, if the case is stayed, judicial economy is enhanced, as is convenience to the Court.  In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").  Moreover, the effect

---

[4]  The Court notes that support for this proposition is not found in the *Martinez* case as cited here by Plaintiff.

that a stay will have on the difficulty of discovery and trial is speculative, at best.  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts "[t]he public interest is supported only by a system in which civil rights claims may be allowed to proceed in a timely manner so that future plaintiffs are not deterred by the number of years it takes to seek justice." *Response* [#34] at 6 (citing *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. 2007)).  Defendant asserts that "'[t]he public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.'" *Motion* [#31] at 4 n.2 (quoting *Frasier v. Evans*, No. 15-cv-1759-REB-KLM, 2015 WL 6751136, at *2 (D. Colo. 2007)).

The Court is not persuaded that stays in civil rights cases are contrary to the public interest simply because they may delay appropriate discipline or procedural reform or deter future plaintiffs.  The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed

legal issues at the earliest possible time.  Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances.  Thus, the fifth *String Cheese Incident* factor  weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#17] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED in part and DENIED as moot in part**.  The Motion is **granted** to the extent that all discovery is **STAYED** pending resolution of Defendants' Motion to Dismiss [#15].  The Motion is **denied as moot** to the extent that Defendants ask the Court to vacate the Scheduling Conference, given that the Scheduling Conference was held on July 19, 2018.

DATED: August 27, 2018 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge